

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PATRICK DEWIRE HOTTINGER, ) | Case No.: 2:21-bk-00669 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____ ) | |

**<u>MEMORANDUM OPINION</u>**

On March 17, 2023, Martin P. Sheehan submitted his application for compensation to which Patrick Dewire Hottinger (the "Debtor"), *pro se*, objected. On May 2, 2023, the court held a telephonic hearing on the matter.

For the following reasons, the court will grant the application for compensation but reduce Mr. Sheehan's hourly rate for travel by one-half; correspondingly, the Debtor's general objection is overruled.

**I.    BACKGROUND**

On March 3, 2022, this court approved employment of Mr. Sheehan and his law firm Sheehan & Associates, PLLC, as counsel for the Chapter 7 Trustee at the hourly rate of $425.00 for attorney services. In his application for compensation, Mr. Sheehan seeks approval of fees totaling $7,055.00 based upon 16.60 hours of services performed and expenses of $1,249.84. Notably, however, Mr. Sheehan agrees to collect fees of only $3,527.50 from the bankruptcy estate to ensure a payout to unsecured creditors, but he preserves collection of the remaining fees in the event additional assets are discovered and liquidated. Of relevance, pertinent exhibits assert 5.50 hours of a round-trip travel on April 22, 2022, from Wheeling, West Virginia to Elkins, West

1

Virginia.[1] During the telephonic hearing, Mr. Sheehan confirmed the nature of his travel was only driving his vehicle and did not include legal services.

## II.   ANALYSIS

Mr. Sheehan seeks his hourly rate of $425 for travel time. He generally believes the court should permit this because, among other things, time spent traveling is necessary and has an associated opportunity cost because he is out of the office. The Debtor objects *pro se* to the compensation and asserts that payment to Mr. Sheehan reduces the amount payable to the Debtor's creditors. Notably, in response, Mr. Sheehan contends that the Debtor lacks standing on the issue.[2]

During the telephonic hearing on the application, the court generally found Mr. Sheehan's claimed compensation to be reasonable. In that regard, the court examined the application in light of all relevant factors, including those in § 330(a)(3) of the Bankruptcy Code and the "*Johnson* factors," as instructed by the Fourth Circuit in *Harman v. Levin*, 772 F.2d 1150, 1151 n.1 (4th Cir. 1985) (citation omitted). Indeed, Mr. Sheehan voluntarily reduced his compensation to $3,527.50 to ensure a dividend to unsecured creditors. Despite that, the court finds it appropriate to address the extant issue regarding travel because Mr. Sheehan reserves the right to seek more compensation in this case, and this issue is likely to repeat itself.

Put simply, travel time is typically unproductive and not compensable at the attorneys' regular hourly rate. *In re Pothoven,* 84 B.R. 579 (Bankr. S.D. Iowa 1988); *see e.g.*, *In re Taylor*, 66 B.R. 390 (Bankr. W.D. Pa. 1986) (determining that "payment of fifty percent (50%) rate for travel time is more than charitable."); *In re Robertson Companies, Inc.*, 123 B.R. 616, 621 (Bankr. D.N.D. 1990) (holding that "[i]t is inappropriate to bill unproductive time at a full hourly rate. As a matter of general principle . . . travel time [is] . . . billed at one-half the normal hourly rate."). This court concurs that

> [a] lawyer's travel time might be compensated at his or her full hourly rate in general civil litigation, on an opportunity-cost theory, but in bankruptcy, where costs paid to the debtor's counsel reduce the estate assets ultimately available to creditors, the better approach is to allow travel costs at half the hourly rate, unless the lawyer is able to perform client work during the travel time.

---

[1] During the May 2, 2023, telephonic hearing, the record confirmed that all travel occurred on April 4, 2022.

[2] For the reasons fully stated on the record, the court will overrule the Debtor's objection.

*In re C2R Glob. Mfg., Inc.*, 611 B.R. 313, 317-18 (Bankr. E.D. Wis. 2019).

A professional's asserted travel time, however, may qualify as productive. If, for example, "the professional establishes that he or she utilized that time productively by preparing for a meeting or court proceeding in the case, [then] compensation may be awarded at a higher percentage." *In re Caribbean Const. Servs., Inc.*, 283 B.R. 388, 395 (Bankr. D.V.I. 2002); *In re Pothoven,* 84 B.R. at 585 (asserting that "[t]ravel to and from a location typically shall be compensated at one-half of the attorneys' or other professionals' hourly rate unless it can be shown that the time was utilized more productively by preparing for meetings, court appearances, et cetera."). Although "time spent in transit may be necessary. . . [it] is clearly not as productive as time spent in court or in the office." *Id.* To clarify, "the professional can be reimbursed <u>fully</u> for expenses related to travel, but not for the actual travel time." *In re Auto. Warranty Corp.*, 138 B.R. 72, 78 (Bankr. D. Colo. 1991) (citing *In re Microwave Products of America, Inc.,* 104 B.R. 900, 908 (Bankr. W.D.Tenn. 1989)).

Customarily, "[a]bsent a compelling reason justifying normal hourly rate for travel, [this] court permits . . . counsel to bill at one-half of their normal hourly rate . . . unless they assert that they are entitled to their full hourly rate because they spend their travel time *providing services* to the bankruptcy estate." *In re Shafer Bros. Constr. Inc.*, 525 B.R. 607, 616 n.4 (Bankr. N.D.W. Va. 2015) (emphasis added); *In re Watson Seafood & Poultry Company, Inc.,* 40 B.R. 436, 443 (Bankr. E.D.N.C. 1984) (concluding travel time compensation at one-half the hourly rate because "[i]t is the practice in [that] district."). This court concludes that reasonable travel is necessary but rarely qualitatively similar to time in court or in the office. It is therefore unreasonable in most instances to tax the bankruptcy estate a professional's full hourly rate for travel time.

At the May 5, 2023, telephonic hearing, the court inquired to Mr. Sheehan how travel time was spent to and from Elkins, West Virginia. In response, Mr. Sheehan affirmed that the 5.50 hours of requested travel fees solely involved travel. The court finds that the 5.50 hours of travel, in this instance, was not qualitatively similar to time utilized in the office or in court. Accordingly, the court reduces Mr. Sheehan's hourly rate for travel by one-half, or $212.50.

For ease, the below summarizes the courts reduction and overall award:

| FEES | EXPENSES |
| --- | --- |
| 11.10 hours at $425.00 = $4,717.50<br>+<br>5.50 hours at $212.50 = $1,168.75 | $170.82 travel reimbursement<br>+<br>$114.82 Witness Fee<br>+<br>$525.20 Transcript of Deposition<br>+<br>$439.00 Copies of Exhibits |
| **Total Approved: $5,886.25**[3] | **Total: $1,249.84** |

### III.   CONCLUSION

For the foregoing reasons, the court grants the application for compensation but reduces Mr. Sheehan's hourly rate for travel by one-half. Accordingly, it overrules the Debtor's general objection against the application. An order consistent with this opinion shall be separately entered contemporaneously herewith.

---

[3] Based upon Mr. Sheehan's voluntary reduction in his fees, the court's ruling does not affect the amount to now be received by Mr. Sheehan.