

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PATRICK DEWIRE HOTTINGER, | ) | Case No.: 2:21-bk-00669 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

## MEMORANDUM OPINION

On May 16, 2023, Martin P. Sheehan submitted a Motion for Reconsideration of the court's May 3, 2023, Memorandum Opinion and corresponding Order as it pertains to his application for compensation and expenses for Sheehan & Associates, PLLC. Mr. Sheehan seeks reconsideration contending he was authorized to be retained at a particular hourly rate and not otherwise subject to a reduction in this court's discretion.

For the reasons stated herein, the court will deny the relief sought.

### I.    BACKGROUND

On March 3, 2022, the court approved employment of Mr. Sheehan and his law firm Sheehan & Associates, PLLC, as counsel for the Chapter 7 Trustee at the hourly rate of $425.00 for attorney services. On March 17, 2023, Mr. Sheehan submitted his application for compensation and expenses for Sheehan & Associates, PLLC, seeking approval of fees totaling $7,055.00 based upon 16.60 hours of services performed and expenses of $1,249.84. Included in the time sheets exhibiting the fees and expenses was an assertion of 5.50 hours of travel on April 4, 2022, from Wheeling, West Virginia, to Elkins, West Virginia, to attend a deposition. Despite the amount of fees accrued by Mr. Sheehan, he voluntarily reduced the amount of his application based upon funds available in the bankruptcy estate. However, he requested approval and reserved the right to collect remaining fees from any future assets discovered and liquidated in the estate. During the telephonic hearing held on May 2, 2023, to consider the fee application, Mr. Sheehan confirmed the nature of the travel was only driving his vehicle and did not include simultaneous legal services

1

(i.e., a telephone call regarding the matter via a hands-free device). On May 3, 2023, the court entered its Memorandum Opinion and Order consistent with its ruling granting the Application for Compensation with a reduction of compensation for submitted travel time to one half the billable hourly rate. On May 16, 2023, Mr. Sheehan filed the subject Motion for Reconsideration.

## II.     ANALYSIS

Mr. Sheehan asks for reconsideration based upon his notion that the court's authorization of employment of Mr. Sheehan and his law firm at the hourly rate of $425.00 was not subject to reduction at the court's discretion. Mr. Sheehan argues that his hourly rate set forth in the Application to Employ is equivalent to the fee arrangement contemplated in § 328 of the Bankruptcy Code and analyzed by the court in *In re Merry-Go-Round Enterprises, Inc.*, 244 B.R. 327 (Bankr. D. Md. 2000). Mr. Sheehan contends his travel time in dispute was necessary and proper for the purpose of taking depositions in the matter. However, he suggests the issue should not be considered at this time given his voluntary reduction in fees in this particular matter and given the fact that the debtor nor the trustee, which in this instance is also Mr. Sheehan, has objected to his rate of compensation for travel time. Nonetheless, should the court decline to hold this matter in abeyance, Mr. Sheehan seeks reconsideration of the court's reduction of compensation for submitted travel time or a hearing on the issue to provide evidence on the issue of customary travel rates charged by contemporaries.

Having considered Mr. Sheehan's argument, the court finds it appropriate to rule on the matter to resolve the issue and deny the Motion to Reconsider.

### A. The Motion to Reconsider lacks grounds for reconsideration.

Mr. Sheehan's Motion to Reconsider is considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 59 of the Federal Rules of Civil Procedure. Generally speaking, courts do not grant motions to reconsider unless "the moving party can point to controlling decisions or data that the court overlooked." *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)). Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under FRCP 59, should not be used as "vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)).

Here, Mr. Sheehan failed to articulate a basis for reconsideration. Specifically, he directs the court to no facts or case law that the court may have overlooked in rendering its decision.

Rather, Mr. Sheehan seemingly requests a "do-over" on the issue or asks the court to hold the issue in abeyance until monies may become available upon which to collect his fee award – neither of which are grounds for the court to reconsider its position in its Memorandum Opinion and corresponding Order on the application for compensation and expenses for Sheehan & Associates, PLLC. Furthermore, despite Mr. Sheehan's request, the court finds that a hearing to allow for the presentation of evidence and testimony on travel rates charged by lawyers is unnecessary and unwarranted. Mr. Sheehan made clear in the hearing on his application for compensation that his travel time was simply driving. No further evidence is necessary. The court will thus deny the Motion to Reconsider. Nonetheless, the court finds it prudent to take this opportunity to make clear its position on the hourly rate for travel time as this issue will likely repeat itself.

### B. The Court has discretion to modify legal fees.

Mr. Sheehan seeks his hourly rate of $425 for travel time. He believes the court should permit this because, among other things, time spent traveling is necessary and has an associated opportunity cost because he is out of the office. Although the court generally finds Mr. Sheehan's travel time to be compensable pursuant to the relevant factors, including those in § 330(a)(3) of the Bankruptcy Code and the "*Johnson* factors," as instructed by the Fourth Circuit in *Harman v. Levin*, 772 F.2d 1150, 1151 n.1 (4th Cir. 1985) (citation omitted), it finds it to be compensable at a reduced hourly rate.

Although bankruptcy courts across all districts are split in various ways as to how travel time should be compensated, the overarching principle that is eminently clear is that the court has broad discretion in determining reasonableness of fees. *In re Temple Ret. Cmty., Inc.*, 97 B.R. 333, 336 (Bankr. W.D. Tex. 1989). The very language of § 330(a)(2) provides the court with discretion to "award compensation that is less than the amount of compensation that is requested." With this notion, the court used its discretion to determine travel time here was compensable at a reduced rate.

Put simply, travel time is *typically* unproductive and not compensable at the attorneys' regular hourly rate. *In re Pothoven,* 84 B.R. 579 (Bankr. S.D. Iowa 1988); *see e.g.*, *In re Taylor*, 66 B.R. 390 (Bankr. W.D. Pa. 1986) (determining that "payment of fifty percent (50%) rate for travel time is more than charitable."); *In re Robertson Companies, Inc.*, 123 B.R. 616, 621 (Bankr. D.N.D. 1990) (holding that "[i]t is inappropriate to bill unproductive time at a full hourly rate. As

a matter of general principle . . . travel time [is] . . . billed at one-half the normal hourly rate."). This court concurs that

> [a] lawyer's travel time might be compensated at his or her full hourly rate in general civil litigation, on an opportunity-cost theory, but in bankruptcy, where costs paid to the debtor's counsel reduce the estate assets ultimately available to creditors, the better approach is to allow travel costs at half the hourly rate, unless the lawyer is able to perform client work during the travel time.

*In re C2R Glob. Mfg., Inc.*, 611 B.R. 313, 317-18 (Bankr. E.D. Wis. 2019).

A professional's asserted travel time, however, may qualify as productive. If, for example, "the professional establishes that he or she utilized that time productively by preparing for a meeting or court proceeding in the case, [then] compensation may be awarded at a higher percentage." *In re Caribbean Const. Servs., Inc.*, 283 B.R. 388, 395 (Bankr. D.V.I. 2002); *In re Pothoven,* 84 B.R. at 585 (asserting that "[t]ravel to and from a location typically shall be compensated at one-half of the attorneys' or other professionals' hourly rate unless it can be shown that the time was utilized more productively by preparing for meetings, court appearances, et cetera."). Although "time spent in transit may be necessary. . . [it] is clearly not as productive as time spent in court or in the office." *Id.* To clarify, "the professional can be reimbursed <u>fully</u> for expenses related to travel, but not for the actual travel time." *In re Auto. Warranty Corp.*, 138 B.R. 72, 78 (Bankr. D. Colo. 1991) (citing *In re Microwave Products of America, Inc.,* 104 B.R. 900, 908 (Bankr. W.D.Tenn. 1989)).

Customarily, "[a]bsent a compelling reason justifying normal hourly rate for travel, [this] court permits . . . counsel to bill at one-half of their normal hourly rate . . . unless they assert that they are entitled to their full hourly rate because they spend their travel time *providing services* to the bankruptcy estate." *In re Shafer Bros. Constr. Inc.*, 525 B.R. 607, 616 n.4 (Bankr. N.D.W. Va. 2015) (emphasis added); *In re Watson Seafood & Poultry Company, Inc.,* 40 B.R. 436, 443 (Bankr. E.D.N.C. 1984) (concluding travel time compensation at one-half the hourly rate because "[i]t is the practice in [that] district."). This court concludes that reasonable travel is necessary but rarely qualitatively similar to time in court or in the office. It is therefore unreasonable in most instances to tax the bankruptcy estate a professional's full hourly rate for travel time. To be clear, however, the court considers all requests on a case-by-case basis.

Here, the court finds that the 5.50 hours of travel was not qualitatively similar to time utilized in the office or in court. Accordingly, the court reduced Mr. Sheehan's hourly rate for

travel by one-half, or $212.50. As such, the amount to be received by Mr. Sheehan, without considering his voluntary reduction in fees, totals $5,886.25, including $4,717.50 in attorneys' fees and $1,168.75 in travel fees. The court's determination does not affect the amount in expenses approved by the court, totaling $1,249.84.

### C. 11 U.S.C. § 328(a) is not applicable.

To the extent Mr. Sheehan relies on the court's analysis in *In re Merry-Go-Round Enterprises, Inc.*, 244 B.R. 327 (Bankr. D. Md. 2000), he misses the mark. Specifically, Mr. Sheehan asserts that he "was authorized to be retained, at a particular hourly rate, and not otherwise subject to any condition," and that *Merry-Go-Round* puts his compensation beyond the court's discretion. However, the analysis in *Merry-Go-Round* – examining § 328 of the Bankruptcy Code – is materially different than the instant circumstances. In *Merry-Go-Round*, the arms-length contingency fee arrangement was authorized in advance by the court under 11 U.S.C. § 328(a) as constituting reasonable terms and conditions. *Merry-Go-Round*, 244 B.R. at 335. The court in *Merry-Go-Round* held that the fee agreement was expressly approved at the outset under § 328(a) as reasonable, leaving only the issue set forth in § 328(a) of whether the terms of the agreement were improvident considering developments not capable of being anticipated at approval by the court. *Id*. at 337.

The authority established in *Merry-Go-Round* does not compel the court to reconsider its reduction under § 330 in compensation for travel. Section 328 is inapplicable here because this matter does not involve the recharacterizing of an arms-length, contingency fee arrangement. Rather, Mr. Sheehan entered into an agreement with himself to employ himself as counsel at the hourly rate of $425.00, which is subject to review under § 330. Even so, if § 328 did apply in this instance, the court is still provided with latitude to alter compensation when appropriate. Section 328(a) provides:

> "[n]otwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

As such, in accordance with § 328(a), the court is given an opportunity to use its discretion to adjust compensation.

5

Furthermore, the arrangement at issue in *Merry-Go-Round* was that of a contingency fee agreement preapproved by the court as reasonable and not a privately negotiated agreement leaving the court to review its effect after the recoveries had been identified. Typically, in contingency fee cases, the attorney is assuming some risk by fronting the cost of litigation and time in betting that the percentage return will pay all in the end, leaving less room for the court to analyze the outcome of the fee.[1] Here, the court approved Mr. Sheehan's Application to Employ Martin P. Sheehan and Sheehan & Associates, PLLC as Counsel on an hourly basis not subject to the analysis of § 328(a). The court did not find the hourly rate listed within the application to constitute a fee agreement in its March 3, 2022, Order Granting Application to Employ Sheehan & Associates, PLLC as Attorney for the Trustee, nor did it make an express finding of reasonableness of any such fee agreement.[2] With those material differences, this court finds *Merry-Go-Round* inapposite.

### III.   CONCLUSION

For the foregoing reasons, the court denies the Motion for Reconsideration and upholds its Memorandum Opinion and corresponding Order granting the application for compensation but reducing Mr. Sheehan's hourly rate for travel by one-half. An order consistent with this opinion shall be separately entered contemporaneously herewith.

---

[1] In fact, the court in *Merry-Go-Round* held that once a contingency fee agreement has been preapproved by a bankruptcy court under the Bankruptcy Code, the fee produced thereby is not subject to a lodestar analysis or a de novo review for the determination of reasonableness. 244 B.R. at 344. The court went on to explain that the preapproval procedure is provided by the Code for protection of the "creditors and potential class beneficiaries of the bankruptcy estate and an inducement for qualified professionals to represent the bankruptcy estate by protecting the benefits of their fee agreements." *Id*. Hourly rate fee agreements are significantly less risky for the attorney, confident in the details of the arrangement that their efforts will be compensated for based upon hours worked and not the outcome of the case, leaving courts with more reason to use discretion in their review.

[2] In any event, this court has discretion to adjust the terms of compensation under § 328 and § 330, regardless of the approval of the employment application. In short, counsel cannot propose an employment agreement that prevents review and adjustment by the court.